Filed 4/30/26  In re E.Z. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re E.Z., <br><br> a Person Coming Under the Juvenile Court Law. | B349302 <br><br> (Los Angeles County Super. Ct. No. 22CCJP03850) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ANDREW Z., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Georgia A. Huerta, Judge.  Dismissed.

Seth F. Gorman, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Peter Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

———————————————

**MEMORANDUM OPINION**

We decide this appeal by memorandum opinion. (See Cal. Stds. Jud. Admin., § 8.1.) For the reasons set forth below, we dismiss the appeal as moot.

In January 2023, the juvenile court assumed dependency jurisdiction over then 10-month-old E.Z. and made certain dispositional orders concerning E.Z.'s father, appellant Andrew Z. (Father). On September 10, 2025, the court terminated Father's reunification services and set the matter for future hearings. Father timely appealed from the September 10, 2025 order.[1] His sole contention on appeal is that the Los Angeles County Department of Children and Family Services (DCFS) failed to comply with its duties of initial and further inquiry pursuant to the federal Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) and California implementing law (see Welf. & Inst. Code, § 224 et seq.; Cal. Rules of Court, rule 5.480 et seq.). (See *In re Kenneth D.* (2024) 16 Cal.5th 1087, 1099-1100 [describing initial and further inquiry duties].) Father requests that we conditionally reverse and "remand with directions to the juvenile court to direct

———————————————

[1] Father's notice of appeal also references orders made on July 17, August 20, August 21, and September 5, 2025. His appellate brief makes no argument concerning these orders. To the extent his appeal from them is timely, we deem any claim of error concerning those orders abandoned. (*In re Mary C.* (2020) 48 Cal.App.5th 793, 809.)

2

[DCFS] to comply with the inquiry and further inquiry mandates" of ICWA.

In lieu of a respondent's brief, DCFS filed both a letter and a motion to dismiss. DCFS concedes that it failed to discharge its ICWA inquiry duties as of the time of the September 10, 2025 order. DCFS's letter asserts that "while th[is] appeal has been pending, the juvenile court issued orders that address the issues raised in [Father's] opening brief" regarding the need for additional ICWA inquiry. DCFS's motion to dismiss contends that because Father "has received the relief he requests on appeal," his appeal is now moot.

In support of its dismissal request, DCFS asks that we take judicial notice of a March 18, 2026 minute order in which the juvenile court has directed DCFS to (1) "make all reasonable attempts to inquire of the paternal aunt and paternal uncle pursuant to the ICWA," and to "inquire of maternal relatives, including the maternal grandmother, regarding the identity and ancestry of the maternal grandfather"; (2) "conduct further inquiry with the Cherokee Tribes and provide the Tribes with information gathered on the paternal family, including the report that the paternal great-great-great-grandfather, possibly from the 1800's, was a Cherokee Chief"; (3) "conduct further inquiry as needed based on any new information provided by maternal and paternal relatives"; and (4) "document its efforts regarding inquiry and provide a report to the juvenile court with said documentation and the results of its interviews and contact with any tribes." The minute order provides that after this inquiry and documentation, a noticed hearing shall take place at which "the juvenile court shall make a finding regarding the ICWA's applicability, determine whether DCFS has interviewed all known and available extended family members and conducted further inquiry with relevant tribes,

3

and proceed in accordance with the ICWA, including, if required, ordering DCFS to send notices to the appropriate tribes in accordance with the ICWA." The minute order further directs that "[i]f notices are sent and the juvenile court receives a response from a tribe determining the child is an Indian child, the juvenile court shall proceed in accordance with the ICWA."

Father opposes our taking judicial notice of the March 18, 2026 order, relying on *Kenneth D.* and in particular its statement that "[e]vidence of a postjudgment [ICWA] inquiry . . . is not a proper subject of . . . judicial notice." (*In re Kenneth D.*, *supra*, 16 Cal.5th at p. 1106.) But the procedural posture and facts in *Kenneth D.* were unlike those here. In that case, the juvenile court terminated parental rights without first complying with ICWA's inquiry and notice provisions. (*Id.* at p. 1097.) On appeal, the Placer County Department of Health and Human Services requested that the appellate court augment the record to include a memorandum describing the department's postjudgment efforts to comply with ICWA. (*Id.* at p. 1096.) The appellate court granted the request and held that any ICWA "error was harmless in light of the augmented record." (*Id.* at p. 1097.)

Our high court reversed, explaining in pertinent part: "Ordinarily, appellate courts review a trial court's judgment based on the record as it existed when the trial court ruled. [Citation.] It is ultimately within the purview of the juvenile court to make determinations of credibility and assessments of adequacy because it is uniquely positioned to reach these conclusions based on its familiarity with the case and those involved. The department's assertion that its postjudgment report rendered any prior failure of inquiry harmless 'necessarily requires that we treat the factual assertions therein as undisputed, which we cannot do' because, absent exceptional circumstances, '[t]his type of factfinding is

4

precisely what must occur in the juvenile court in the first instance [citation], where additional and possibly competing evidence may be offered; and the court, on a more fully developed record, will assess weight and credibility as appropriate, and make its factual findings.'" (*In re Kenneth D.*, *supra*, 16 Cal.5th at p. 1102.)

Here, DCFS does not ask us to engage in any factfinding with respect to the March 18 order or to opine on the outcome of DCFS's further investigation. Rather, DCFS relies on the order merely to demonstrate that the juvenile court (1) has ordered further ICWA-related investigation, and (2) intends to make a finding concerning ICWA's applicability following that further investigation. We therefore may consider the order without running afoul of *Kenneth D.*, and we grant DCFS's request for judicial notice.

We agree with DCFS that the March 18 order renders this appeal moot. Father contends his appeal is not moot for two reasons. First, he notes his opening brief asks not only for DCFS to comply with its ICWA inquiry duties (as the March 18 order requires) but also for conditional reversal of the September 10, 2025 order (which the March 18 order does not address). Second, he contends DCFS's motion to dismiss is premature because no one yet knows what will happen in response to the March 18 order or what information regarding Native American ancestry DCFS may discover.

Neither of these arguments persuades us. The point of a conditional reversal is to encourage prompt, complete compliance with ICWA early in the proceedings by DCFS and the juvenile court, and to avoid delay and duplicative efforts. (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1138-1140.) The March 18 order requires such compliance, a conditional reversal would add no further encouragement to DCFS or the juvenile court, and we are not presently affirming (conditionally or otherwise) the September 10,

2025 order. "When an [ICWA] inquiry is inadequate, the entities charged with the duty to conduct the inquiry must attempt to cure that error . . . ." (*Id*. at pp. 1138-1139.) That is exactly what the March 18 order does.

Nor is the motion to dismiss premature. We agree with Father that no one yet knows the outcome of the further inquiry. But as mentioned previously, this appeal does not ask that we decide whether E.Z. is in fact an Indian child. It instead concerns the need for further inquiry before that question can be answered. "[A]ll we could order in resolving this appeal is that [DCFS] and [the] juvenile court fulfill their inquiry and notice obligations under ICWA and related California law. Because that is what [DCFS] is already doing, and because we are not in a position to micromanage that process in *this* appeal (detailing, for instance, all those who must be interviewed, what they must be asked, and what must be included in any notice to tribes that is required), there is no effective relief we can now provide. The juvenile court must direct that process, at least in the first instance. This appeal [therefore] is moot." (*In re Baby Girl M.* (2022) 83 Cal.App.5th 635, 638-639, fn. omitted.)

## DISPOSITION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.